**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| RICHARD ALLEN MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:14-cv-00323-JMS-DKL |
| | ) |
| WARDEN LARIVA, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Based on the pleadings and the expanded record, the petition for writ of habeas corpus of

Richard Allen Mitchell challenging his enhanced sentence imposed by the United States District

Court for the Central District of Illinois following his conviction for drug offenses must be denied.

This conclusion rests on the following facts and circumstances:

1.  Mitchell was sentenced to concurrent terms of life imprisonment and 360 months.

No direct appeal was filed, and his motion for relief pursuant to 28 U.S.C. § 2255 was denied on

November 1, 2005.

2.  A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner

can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974),

although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances.

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction

or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th

Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The requirements of 28 U.S.C. § 2255(e) are that a

1

habeas petitioner must (1) rely on a new, retroactive case not available when he moved under 28 U.S.C. § 2255 that (2) interprets a statute in a way that (3) decriminalizes the crime of conviction. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

3.     Mitchell's conviction was based on his plea of guilty. His guilty plea was based on a plea agreement with the United States, and one provision of that plea agreement provided that Mitchell waived what would otherwise be his right to collaterally challenge his conviction. The 28 U.S.C. § 2255 motion he filed despite that waiver provision contained his assertion that he had been denied the effective assistance of counsel. The trial court gave careful consideration to this assertion, reviewed the record of the guilty plea, and concluded that Mitchell's claims were meritless. Specifically, in its decision of November 1, 2005, the trial court concluded from the records that (a) Mitchell's only potential claim that could survive this waiver is his claim that his counsel was ineffective during the negotiations of the plea agreement, (b) there were no specific factual assertions to the effect that Mitchell's attorney rendered ineffective assistance in negotiating any portion of his plea agreement or the waiver provisions, (c) Mitchell never claimed that he would not have entered into the plea agreement if his counsel had provided him with effective assistance, (d) Mitchell's claim that his counsel was ineffective were negated by his own statements at the plea hearing and in the written plea agreement he signed, (e) because of a detailed colloquy with the Court, Mitchell had failed to demonstrate actual prejudice under *Strickland v. Washington,* 466 U.S. 668 (1984), (f) Mitchell acknowledged at the change-of-plea hearing that he faced a maximum sentence of life imprisonment and that he was surrendering his right to file a collateral challenge to his conviction, (g) "nothing in the record even remotely suggests Mitchell did not knowingly and voluntarily enter the plea agreement, including the waiver provisions contained therein, or that Mitchell's counsel acted unreasonably when he negotiated a plea

2

agreement that contained waiver provisions such as those in this case," (h) "at no time did Mitchell express hesitation regarding the terms of the plea agreement, regarding his relationship with his attorney, or indicate that he did not fully understand the nature of his actions in entering into the plea agreement," and (i) "Mitchell was fully aware of the mandatory nature of the life sentence."

4.      The § 2255 action Mitchell filed in the trial court provided him with all the opportunity the law contemplates. His motion was denied. No appeal or other post-judgment filings were made. Despite his dissatisfaction with the outcome, he is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D.Minn. July 6, 2009); *see also Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 28 U.S.C. § 2255 . . . that Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here because § 2255 is inadequate or ineffective to test the legality of his detention."). This action is also completely aligned with the analysis of Judge Caputo of the Middle District of Pennsylvania:

> The allegations of Mr. Santos' habeas petition do not suggest he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate. Clearly this is not a situation where Mr. Santos did not have a prior opportunity to raise the claims presented in his petition. Petitioner filed a motion pursuant to § 2255, raising many of the same claims. He may not file a § 2241 petition simply because he is dissatisfied with the results of his previous § 2255 petition. The remedy afforded under § 2241 is not intended as an additional, alternative, or supplemental remedy to that prescribed under § 2255. Thus, upon careful review, the representations of Felix Santos' present petition are simply insufficient to persuade the Court that 28 U.S.C. § 2255 would be either ineffective or inadequate to test the legality of his detention.

*Santos v. United States*, 2010 WL 181744, at *2 (M.D.Pa. Jan. 13, 2010). These are not new insights. "Something more than mere disagreement [with the previous habeas court] must be shown to justify a successive habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir. 1988)(quoting *Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.)(en banc)(Arnold, J., concurring), *cert. dismissed,* 468 U.S. 1222 (1984)); *Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015).

5.      "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Mitchell had that opportunity and used it. He is not entitled to more.

6.      Based on the foregoing explanation, Mitchell has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his petition, together with the history of the conviction he now challenges. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __October 27, 2015__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

RICHARD ALLEN MITCHELL
13113-026
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808